**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANCHI HOU | Criminal Action 20-780 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

     This matter comes before the Court on Defendant Anchi Hou's ("Hou") Request for Early Termination of Supervised Release. (ECF No. 50.) The United States of America (the "Government") opposed (ECF No. 52), and Hou did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court denies Hou's Motion for Early Termination of Supervised Release.

## I.    BACKGROUND

     On September 15, 2020, Hou pled guilty to a one-count Information charging him with possession of stolen trade secrets in violation of 18 U.S.C. § 1832(a)(3). (Plea Agreement, ECF No. 35; Def.'s Moving Br. 2, ECF No. 50-1.) This matter originates in late 2016 when Hou announced to his employer (the "Company") that he planned to retire by the end of the year.[1] (Compl. *3, ECF No. 1.)[2] At the time of his announcement, Hou worked at the Company for nearly

---

[1] To protect its identity, the Court refers to the company-victim as the "Company."

[2] Page numbers preceded by asterisks refer to the page number in the ECF header.

thirty years. (*Id.* at *3.) Hou then subsequently copied and removed thousands of digital files containing proprietary information from the Company in his remaining weeks as an employee. (*Id.* at *8.) His reason for doing so was to start his own consulting business. (*Id.*) Hou's actions were in direct contravention of his employment agreement with the Company, which, absent written consent, required him to "not disclose or use at any time either during or subsequent to said employment, any [of the Company's] secret or confidential information." (*Id.* at *4.)

In December 2020, the Court sentenced Hou to two years' probation, which included a term of three months' home detention. (J. 2, ECF No. 42.) In addition, the Court imposed a $10,000 fine on Hou and directed him to make restitution payments of $7,444. (*Id.* at 2, 6.) Hou completed his home confinement without incident and complied with all conditions of his supervision. (Def.'s Moving Br. 3.) On February 4, 2022, a little over a year after Hou was sentenced, he filed the instant Motion with the Court requesting that it "terminat[e] his period of probation, pursuant to 18 U.S.C. § 3564(c)." (Def.'s Mot. 1, ECF No. 50.) In support of his Motion, Hou highlights that he did not commit any infractions during his pre- and post- trial supervision. (Def.'s Moving Br. 3.) Hou claims that since he is now retired, he wishes to travel freely without consultation or approval from the U.S. Probation Office. (*Id.* at 4.)

The Government opposes Hou's Motion. (*See generally* Gov't's Opp'n Br., ECF No. 52.) It argues that Hou's proffered reasons do not warrant early termination. (*Id.* at 2.) Further, the Government asserts that "Hou has not shown any exceptional conduct" that would justify the Court granting his application. (*Id.* at 3.)

## II.   **LEGAL STANDARD**

The Court may terminate a term of supervised release before its expiration under 18 U.S.C.

§ 3583(e). In relevant part, the statute reads as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). The statute directs the Court to consider factors listed under 18 U.S.C.

§ 3553(a).[3] In deciding whether to terminate supervision early, the Court has broad discretion

under § 3583(e). *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive

phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys

discretion to consider a wide range of circumstances when determining whether to grant early

termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

---

[3] The § 3553(a) sentencing factors are (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *see also United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018).

After considering the § 3553(a) factors and present circumstances of a defendant, district courts may grant early termination only if satisfied that it is "warranted by the defendant's conduct and is in the interest of justice." *Id.* District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *Id.* Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id.* "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such termination." *Id.* (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)).

Generally, because the imposition of an original sentence should be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), courts "expect that something will have changed in the interim that would justify an early end to a term of supervised release," though fulfilling this expectation is not required. *Melvin*, 978 F.3d at 53. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable . . . is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

## III.   **DISCUSSION**

After careful review, the Court concludes that early termination of supervised release is not warranted in this matter.

*First*, the Court finds that the § 3553(a) factors weigh against granting early termination. Hou attempted to misappropriate thousands of documents from his long-time employer for his own economic gain. (Compl. *8.) The Company invested substantial resources over several years to

4

develop its technology and, understandably, has a strong interest in protecting its trade secrets. (*Id.* at \*5.) Although Hou faced a maximum prison sentence of ten years on the instant offense, he was ultimately sentenced to two years' probation after the Court weighed the relevant sentencing factors. (J. 2.) Put differently, probation *was* the entirety of Hou's sentence. Yet only halfway through serving his term of probation, he seeks to end it short. Moreover, Hou appears to be succeeding under his current conditions of supervision, evident by his positive track record since his arrest. (Def.'s Moving Br. 3.) On balance, a holistic review of the § 3553(a) factors weigh against granting early termination.

*Second*, after considering the sentencing factors, § 3583(e) provides that the Court "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). In his Motion, Hou indicates that he "complied with all of the conditions of his probation supervision" and has "not committed any infraction whatsoever" while under supervision. (Def.'s Moving Br. 3.) He also notes that he does not have any "substance abuse or gambling issues." (*Id.* at 4.) As for the reasons Hou seeks early termination, he claims first that he wants to travel freely. (*Id.*) But Hou does not provide any examples of instances where he requested permission to travel from the U.S. Probation Office but was denied that opportunity. (*Id.* at 2.) Rather, Hou makes the vague assertion that he was unable to attend "his nephew's wedding, a funeral of an uncle, and was not able to visit his sister-in-law in the hospital after a major surgery," but does not indicate that he ever sought Probation's permission to attend these events. (*Id.* at 4.) In fact, the Court recently granted Hou's request to travel to Canada for a week-long vacation with his son, which Probation recommended. (ECF No. 53.) The Court therefore has no reason to believe Hou is unreasonably

5

restricted in his travel. (Def.'s Moving Br. 2.) The Court is left, then, with Hou's representation that he followed the conditions of his supervision and no longer wishes to be subject to them. (*Id.* at 4.) The Court commends Hou for complying with the terms of his supervised release. That alone, however, falls short of warranting early termination. *See Stiso*, 2021 WL 1291648, at *3 (declining to terminate defendant's supervised release when defendant "provided no reason justifying early termination of supervised release other than compliance with the conditions of his supervision").

*Finally*, the interests of justice do not mandate early termination. The core of Hou's sentence was supervised release, not incarceration. Probation therefore remains a central part of assisting Hou with reintegration by providing structure, support, and guidance. Further, Hou provided no reason that would justify granting early termination of his supervision. Without more, "the Court remains satisfied that upon [sentencing], the imposition of [Hou]'s sentence was appropriate 'in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a).'" *Stiso*, 2021 WL 1291648, at *2 (quoting *United States v. Ferriero*, No. 13-0592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020)).

## IV.   CONCLUSION

After carefully considering Hou's motion and the relevant statutes, the Court concludes that early termination is unwarranted. The Court thus declines to exercise its discretion to terminate the remainder of Hou's supervised release early and denies Hou's motion. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

6